UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EFENITY MCDONALD**                                                                                             **CIVIL ACTION**

**VERSUS**                                                                                                                          **N0: 22-2377**

**CLB INVESTMENTS, L.L.C., ET AL.**                                                   **SECTION: "D" (5)**

## REPORT AND RECOMMENDATION

Before the Court is the Motion for Reimbursement of Service Expenses and Fees Against Defendants CLB Investments, L.L.C. and The Bardell Company, Inc. (Rec. doc. 15). The District Court referred the motion to the undersigned for Findings and Recommendations pursuant to 28 U.S.C. § 636(B)(1)(b). (Rec. doc. 28). Defendants CLB Investments, L.L.C. and The Bardell Company (collectively, "Defendants") oppose the motion. (Rec. doc. 18).

On July 8, 2022, Plaintiff filed this lawsuit against Defendants, alleging claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq.*, and pendent state law claims. Plaintiff argues that she mailed a Request for Waiver of Service packages to Defendants, but Defendants refused to waive service without explanation. That refusal, Plaintiff maintains, resulted in a cost of $525.00 to effect service on them. Plaintiff also incurred $705.00 in fees and costs incurred in drafting this motion.

Defendants raise numerous arguments in opposition to Plaintiff's motion: (1) Plaintiff unreasonably refused to consent to the entry of an Order granting Defendants an extension of time until October 8, 2022 to file responsive pleadings, despite the motion waiving any defenses based on Rules 12(b)(4) and (5) of the Federal Rules of Civil

Procedure;[1] (2) Defendants were clearly entitled to the entry of an order granting an extension of time based on Local Rule 7.8; (3) Plaintiff violated Rule 4(d)(1)(F) by serving the summons on September 7, 2022, without first allowing the Defendants 30 days to execute the waivers of summons; (4) Defendants had "good cause" not to execute the waivers of summons; (5) Defendants' reasonable actions and conduct are consistent with Rule 4(d)'s purpose; and (6) Plaintiff's intransigence and unreasonable conduct and responses are contrary to the interests of judicial efficiency and economy and have caused an unnecessary expenditure and waste of this Court's judicial resources.

Rule 4 provides:

> An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons.  The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons.

Fed. R. Civ. P. 4(d)(1).  Defendants do not dispute that they are subject to service under Federal Rule of Civil Procedure 4(h), as both are "a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name."  Fed. R. Civ. P. 4(h).  Accordingly, they had "a duty to avoid unnecessary expenses of serving the summons."  Fed. R. Civ. P. 4(d)(1).

Rule 4 also provides:

> If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court ***must*** impose on the defendant:
> (A) the expenses later incurred in making service; and
> (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

---

[1] Rules 12(b)(h) and 12(b)(5) provide for defenses of insufficient process and insufficient service of process, respectively.

*Id.* (d)(2)(A)-(B) (emphasis added).  In other words, the mandatory nature of the rule ("must") requires the Court to order the offending party to pay the cost of effecting service **and** the attorney's fees incurred in researching and drafting the motion to recover the cost of effecting service unless the offending party demonstrates good cause for refusing to waive service.

Rule 4 also requires that the waiver form meet certain requirements.  Specifically,

The notice and request ***must***:

(A) be in writing and be addressed:
(i) to the individual defendant; or
(ii) for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
(B) name the court where the complaint was filed;
(C) be accompanied by a copy of the complaint, two copies of a waiver form, and a prepaid means for returning the form;
(D) inform the defendant, using text prescribed in Form 5, of the consequences of waiving and not waiving service;
(E) state the date when the request is sent;
(F) give the defendant a reasonable time of at least 30 days after the request was sent – or at least 60 days if sent to the defendant outside any judicial district of the United States – to return the waiver; and
(G) be sent by first-class mail or other reliable means.

*Id.* (d)(1)(A)-(G) (emphasis added).  As denoted by the term "must," these requirements are also mandatory.

The Court declines to award Plaintiff her service fees and costs.  Plaintiff mailed the waiver packages to Defendants on August 16, 2022.  (Rec. doc. 15-2 at pp. 1-33).  Under Rule 4(d)(1)(F), Plaintiff had the obligation to "give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver," which date would have been September 15, 2022.  Fed. R. Civ. P. 4(d)(1)(F).  Plaintiff simply did not provide Defendants with a reasonable time to return the waiver.  Plaintiffs arranged to serve

Defendants on August 31, 2022 and had them served on September 1, 2022 – two weeks after mailing the waiver packages to Defendants. Under the plain language of the rule, that is not a reasonable time to return the waiver under Rule 4(d)(1)(F). Indeed, Plaintiff even filed this motion on September 13, 2022, two days before the September 15, 2022 deadline to return the waiver.

Federal courts consistently hold that failure to comply with the technical requirements of Rule 4 may foreclose any award of costs. *See Armco, Inc. v. Pernod-Staufer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 n. 1 (4th Cir. 1984) ("The plaintiff's lawyer failed to enclose a self-addressed, stamped envelope for return of the signed acknowledgment as required by the rule. That neglect may have foreclosed a possible claim for reimbursement of the cost of effecting personal service."); *Darby v. Norfleet*, No. Civ. A. 09-2764 R(3), 2010 WL 996545, at *3 (E.D. La. Feb. 22, 2010), *report and recommendation adopted*, No. Civ. A. 09-2764 R, 2010 WL 996542 (E.D. La. Mar. 16, 2010) (denying reimbursement of costs for failing to include two copies of the waiver form and a a prepaid means to return the waiver); *Perez v. County of Westchester*, 83 F. Supp. 2d 435, 441 (S.D.N.Y. 2000) (denying reimbursement of costs because plaintiff's request for waiver did not directly notice defendant, was not accompanied by copy of complaint, and failed to include prepaid means of compliance in writing); *Mason Tenders Dist. Council Pension Fund v. Messera*, No. 95 CIV 9341, 1997 WL 221200, at *5 (S.D.N.Y. Apr. 1, 1997) (denying motion for costs when plaintiff failed to include stamp on self-addressed envelope). Strict adherence to Rule 4 is required by all parties, not just Defendants. Plaintiff did not comply with Rule 4(d)(1)(F)'s mandate to allow Defendants a reasonable time to return the waiver. This finding pretermits any discussion of Defendants' remaining arguments.

4

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion for Reimbursement of Service Expenses and Fees Against Defendants CLB Investments, L.L.C. and The Bardell Company, Inc (rec. doc. 15) be **DENIED**.

### NOTICE OF RIGHT TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).[2]

New Orleans, Louisiana, this 23rd day of January, 2023.

    MICHAEL B. NORTH
    UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to 14 days.