UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**EFENITY MCDONALD**                                      **CIVIL ACTION**

**VERSUS**                                                      **NO. 22-2377**

**CLB INVESTMENTS, LLC, ET AL.**                **SECTION: D (5)**

## ORDER AND REASONS

Before the Court is a Joint Motion to Dismiss Plaintiff's Lawsuit for Failure to Prosecute filed by the Defendants, CLB Investments, L.L.C., The Bardell Company, Inc., McDonald's USA, LLC, and McDonald's Corporation.[1] The Plaintiff, Efenity McDonald, has not filed any response to the Motion.[2] Accordingly, the Motion is unopposed. After careful consideration of the Defendants' memorandum, the record, and the applicable law, the Court **GRANTS** the Motion.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Efenity McDonald ("Plaintiff") filed this civil rights lawsuit against Defendants CLB Investments, L.L.C., The Bardell Company, Inc., McDonald's USA, LLC, and McDonald's Corporation (collectively "Defendants") on July 28, 2022 alleging that she was sexually harassed by a male co-worker while working as a cashier at a New Orleans-are McDonald's.[3] On January 31, 2023, counsel for the Plaintiff moved to withdraw.[4] This Court granted that Motion and ordered the

---

[1] R. Doc. 49.
[2] The Court ordered the Plaintiff to file any response in opposition to the Motion by August 3, 2023. *See* R. Doc. 51. The Plaintiff failed to do so, and further failed to file any response as of the date of this Order.
[3] *See* R. Doc. 1.
[4] *See* R. Doc. 36.

Plaintiff to either enroll new counsel of record on her behalf in this matter within thirty days or otherwise advise the Court in writing within thirty days if she intended to proceed *pro se*.[5] Plaintiff failed to so notify the Court by way of any response.

Accordingly, on April 12, 2023, the Court issued an Order advising the Plaintiff that her claims may be dismissed for failure to prosecute and further ordering that a Telephone Status Conference be held on May 1, 2023 to discuss the status of the case.[6] Plaintiff participated in the May 1, 2023 telephone status conference.[7] During the May 1, 2023 Telephone Status Conference, the Plaintiff informed the Court that she had unsuccessfully attempted to secure legal counsel and intended on proceeding *pro se* in this matter.[8] Counsel for Defendants advised that Plaintiff had failed to comply with discovery requests. The Court advised Plaintiff that as a *pro se* litigant she would be responsible for complying with all Court Orders and Court deadlines.[9] The Court ordered the parties to file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify at trial and a list of all exhibits which may or will be used at trial no later than June 9, 2023 and further ordered the Plaintiff to respond to any discovery requests in writing within thirty days after such requests had been sent to her.[10] Following that conference, the Court also sent Plaintiff a copy of the Scheduling Order and Local Rules of Court.[11]

---

[5] *See* R. Doc. 40.
[6] *See* R. Doc. 44.
[7] The Court notes that Plaintiff failed to call in for the conference and only participated when the Court called her to inquire about her failure to timely participate. During the conference, the Court also confirmed with Plaintiff her physical address as well as a valid email address.
[8] *See* R. Doc. 45.
[9] *See id.*
[10] *See id.*
[11] *See id.*

On June 9, 2023, counsel for the Defendants sent a letter to the Court, copying Plaintiff, explaining the status of discovery in this case and Plaintiff's apparent failure to comply with her discovery obligations. As noted in the June 9, 2023 letter, Plaintiff responded to a May 22, 2023 email from the Defendants inquiring about potential deposition dates with the following:

> I don't know if I want to continue the case because I can't find a lawyer and I know by law if someone gets reported for sexual harassment and fire the person that reported them is wrong and I just can't handle this case on my own.[12]

According to the Defendants, Plaintiff failed to respond to their discovery requests by the specified deadline. Further, the Defendants inquired with the Plaintiff whether she would be willing to consent to and sign a joint stipulation of dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41.[13] To the Court's knowledge, Plaintiff did not respond.

Based on the allegations outlined in the June 9, 2023 letter, the Court ordered that another Telephone Status Conference be held on July 13, 2023.[14] That Order again advised the Plaintiff that her claims may be dismissed for failure to prosecute.[15] Further, that Order was sent to Plaintiff at the email and home address previously provided by Plaintiff.[16] On July 13, 2023, the Court held a Telephone Status Conference with counsel for the Defendants.[17] The Plaintiff did not appear at the

---

[12] *See* R. Doc. 49-3.
[13] *See* R. Doc. 49-4 and 49-5.
[14] *See* R. Doc. 47.
[15] *See id.*
[16] *See* R. Doc. 47 receipt.
[17] *See* R. Doc. 48.

conference despite being given notice by email and regular mail.[18] The undersigned's law clerk then called the Plaintiff at the phone number provided to the Court and previously confirmed by Plaintiff.[19] The Plaintiff stated that she was unaware of the Status Conference because she does not check her emails.[20] The Plaintiff also advised that she believed that the case had been dropped and that she was no longer pursuing her claims because she was unable to retain counsel to represent her.[21] Plaintiff then terminated the call. The Court then advised counsel for the Defendants of the information received from the Plaintiff and advised counsel to file into the record information regarding Plaintiff's failure to prosecute this case.[22]

Shortly thereafter, the Defendants filed the instant Joint Motion to Dismiss Plaintiff's Lawsuit for Failure to Prosecute.[23] In that Motion, the Defendants argue that Plaintiff's claims should be dismissed with prejudice due to her failure to prosecute her claims. The Defendants contend that all three aggravating factors warranting dismissal with prejudice as stated in the Fifth Circuit case of *Price v. McGlathery*[24] are present here: (1) delay caused by the Plaintiff herself and not her attorney; (2) actual prejudice to the Defendants; and (3) delay caused by intentional conduct.[25] In short, the Defendants argue that dismissal is appropriate because Plaintiff is proceeding *pro se* and thus her delay is caused entirely by her and not by

---

[18] *See id.*
[19] *See id.* This was the Court's second time affirmatively reaching out to Plaintiff after her failure to appear at an ordered telephone status conference.
[20] *See id.*
[21] *See id.*
[22] *See id.*
[23] R. Doc. 49.
[24] 792 F.2d 472, 474 (5th Cir. 1986).
[25] *See* R. Doc. 49-1 at p. 4.

any attorney, Defendants contend that they have been prejudiced by her delay because the Defendants have been unable to conduct any discovery, and because Plaintiff's delay is intentional as evidenced by her statement to the undersigned's law clerk that she does not check her emails and does not intend on pursuing this action.[26]

The Court ordered the Plaintiff to file any opposition to the Motion by August 3, 2023.[27] Plaintiff has not filed any opposition as of the date of this Order.

## II.  LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action for the plaintiff's failure to prosecute the action.[28] A district court may dismiss an action for failure to prosecute on its own initiative, without any motion from the opposing party.[29] As the United States Supreme Court has explained, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted . . . [as] the power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."[30] Because dismissal with prejudice "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim,"[31] the Fifth Circuit has explained that dismissal with prejudice for failure to prosecute is appropriate "only when (1)

---

[26] *See id.* at pp. 4–5.
[27] *See* R. Doc. 51. Notice of that Order was sent to the Plaintiff at the address on record which she had previously confirmed as accurate.
[28] *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988).
[29] *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962).
[30] *Id.* at 629–30.
[31] *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992) (quoting *Callip v. Harris Cnty. Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985)).

there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile."[32] The Fifth Circuit has further explained that dismissal with prejudice is appropriate if at least one of three "aggravating factors" is present: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."[33]

### III. ANALYSIS

The Court finds it appropriate to dismiss Plaintiff's claims asserted in her Complaint with prejudice. In the more than six months since the Court granted Plaintiff's prior counsel leave to withdraw, the Plaintiff has repeatedly failed to comply with Court Orders and scheduling deadlines and further has explicitly indicated her intention to cease prosecuting this matter. As the Defendants describe in their Motion, Plaintiff has refused to cooperate and respond to discovery requests and has utterly disregarded the deadlines imposed by the Scheduling Order. That Plaintiff is proceeding *pro se* does not excuse her failure to even make a good faith attempt to comply with the Federal Rules of Civil Procedure and with Court Orders.[34]

Plaintiff's non-responsiveness to discovery requests from the Defendants as well as her failure to attend the Court's July 13, 2023 Telephone Status Conference

---

[32] *Id.* (citations omitted).
[33] *Id.* (quoting *McGlathery*, 792 F.2d at 474).
[34] *See Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013) ("A litigant's pro se status neither excuses his failure to effect service nor excuses him for lack of knowledge of the Rules of Civil Procedure." (citations omitted)).

and her explanation to the undersigned's law clerk that she does not check her emails and that she was no longer pursuing her case represents a "clear record of delay or contumacious conduct by the plaintiff" warranting dismissal.[35] While Plaintiff has the right to proceed *pro se*, she is not at liberty to cause undue delay due to her inability to effectively represent herself. Further, the Court does not find that lesser sanctions would prompt the diligent prosecution of this action. Plaintiff has shown complete disregard for the rules of civil litigation and indeed has indicated that she has no intent on pursuing this matter. The Court does not believe that lesser sanctions will spur the Plaintiff to prosecute an action that she has shown no willingness to pursue.

Moreover, consideration of the factors discussed by the Fifth Circuit in *Berry v. CIGNA/RSI-CIGNA*[36] merits the dismissal of Plaintiff's claims with prejudice. First, Plaintiff's delay is caused directly by her and not by her counsel given that she is proceeding *pro se*. Second, the Court finds that the record of delay has prejudiced the Defendants as they have been unable to complete basic discovery due to the Plaintiff's refusal to cooperate. Lastly, the Court finds that the Plaintiff's delay has been intentional and not the result of any accident or mistake. During the Court's May 1, 2023 Telephone Status Conference, the Court explained to Plaintiff her obligations to respond to the Defendants' discovery requests and ordered her to do so.[37] Plaintiff was made aware of her responsibilities and confirmed with the Court during that

---

[35] *Berry*, 975 F.2d at 1191.
[36] *Id.*
[37] *See* R. Doc. 45.

status conference that she understood them, yet chose to ignore them. Further, Plaintiff's statement to the undersigned's law clerk that she rarely, if ever, checks her email account demonstrates an intentional disregard for the Court and for the prosecution of her claims.

Accordingly, the Court finds it appropriate to dismiss Plaintiff Efenity McDonald's claims against the Defendants with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute. The Court will not prolong the life of this action any longer.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Defendants' Joint Motion to Dismiss Plaintiff's Lawsuit for Failure to Prosecute[38] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

New Orleans Louisiana, August 10, 2023.

**WENDY B. VITTER**
**United States District Judge**

---

[38] R. Doc. 49.